# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MAURICE L. MILES, JR.,**

      **Plaintiff,**

      **v.**                                      **CASE NO. 19-3031-SAC**

**BASEER A. SAYEED, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On June 7, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until June 28, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff until June 28, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies. Plaintiff has failed to respond to the MOSC by the deadline.

In the MOSC, the Court found that Plaintiff's allegations regarding his medical care do not allege deliberate indifference resulting in substantial harm. Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been provided by medical staff. Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

The Court also found that Plaintiff failed to allege personal participation by the warden in

the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).

The Court also found that this action is subject to dismissal as against Defendant Corizon Health Services because Plaintiff has not alleged the requisite causative custom or policy. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (2014) (unpublished) (citations omitted).

Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 2nd day of July, 2019.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
