## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MAURICE L. MILES, JR.,**

      **Plaintiff,**

      **v.**                                    **CASE NO. 19-3031-SAC**

**BASEER A. SAYEED, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently housed at the Larned Correctional Mental Health Facility in Larned, Kansas, the events giving rise to his Complaint occurred during his incarceration at the Winfield Correctional Facility ("WCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed and giving Plaintiff the opportunity to file an amended complaint. Plaintiff has filed an Amended Complaint (Doc. 10). The Court finds that Plaintiff's Amended Complaint does not cure the deficiencies set forth in the MOSC.

## I.  Nature of the Matter before the Court

Plaintiff alleges that he hurt himself by pinching his sciatic nerve while rebuilding the fish pond as part of his work detail on September 2, 2017. Plaintiff alleges that he was lifting 35 to 40-pound rocks when he twisted and tossed the rocks, hurting his back. After several days, Plaintiff was seen by Dr. Sayeed, and he learned that he had a pinched sciatic nerve. Dr. Sayeed told Plaintiff that he was fine and that it would heal soon. Dr. Sayeed did not schedule Plaintiff to see a "professional." Plaintiff asked to be seen by a different doctor, but he was again seen by Dr. Sayeed on September 9, September 25, and October 31, 2017. Plaintiff alleges that

Dr. Sayeed was rude and told Plaintiff that Plaintiff was wasting his time and tax payers' money. During Plaintiff's last few visits with Dr. Sayeed, Plaintiff was placed on the examining table where Dr. Sayeed would do small body movement tests to check Plaintiff's movements and capabilities. Plaintiff alleges that Dr. Sayeed made Plaintiff's back worse and "jerked him around" and twisted his body into positions that were hurtful. Plaintiff informed Dr. Sayeed that he was hurting Plaintiff and needed to stop, but he continued. Dr. Sayeed responded that he was a doctor and knew what he was doing and that it was part of the procedure. Plaintiff was promised an MRI and an x-ray, but only received the x-ray. The x-ray showed a "straightening of the normal lumbar." Plaintiff has been in constant pain and has been given Ibuprofen and Tylenol. Plaintiff filed grievances regarding his medical care, but Warden Conover either responded showing "no concern" or failed to respond.

Plaintiff claims "medical maltreatment" and deliberate indifference in violation of the 8th and 14th Amendments. Plaintiff names as defendants: Baseer A. Sayeed, MD; Corizon Health Services; and Emmalee Conover, Warden at WCF. Plaintiff seeks nominal damages, compensatory damages, and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Eighth Amendment - Denial of Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted).

A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment. Plaintiff acknowledges that he was seen by a doctor after he injured his back on his work detail and that he received an x-ray and pain medication. However, he alleges that the doctor twisted his back and made it worse, and that he did not receive an MRI.

Plaintiff's allegations in his Amended Complaint fail to state a claim. Plaintiff's allegations do not allege deliberate indifference resulting in substantial harm. Plaintiff's allegations indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claims amount to a difference of opinion with the treatments he has been

provided by medical staff.    Plaintiff's allegations are nothing more than a lay person's

disagreement with the medical treatment of his symptoms by medical professionals.    Such

allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth

Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

## 2.  Grievance Responses

Plaintiff's claims against the Warden relate to his dissatisfaction with the Warden's

responses to his grievances.    The Tenth Circuit has held several times that there is no

constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–

6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v.*

*Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332

(10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7

(D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or

prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR,

2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does

not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D.

Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does

not guarantee a favorable response, or indeed any response, from state officials").    Plaintiff fails

to state a claim against the WCF Warden.

Plaintiff also names Corizon Health Services as a defendant.    In the Tenth Circuit, "to

hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the

existence of the same sort of custom or policy that permits imposition of liability against

municipalities under *Monell*."    *Wishneski v. Andrade*, 572 F. App'x 563, 567 (2014)

(unpublished) (citations omitted). Plaintiff has not alleged the requisite causative custom or policy.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC, and fails to state a claim for relief.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 8, 2019, in Topeka, Kansas.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**